IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| TAMARA WAREKA p/k/a <br> TAMARA WILLIAMS, <br> *Plaintiff* <br><br> v. <br><br> JW SANDERS PLLC d/b/a <br> REJUVENATE AUSTIN; JESSICA <br> WRIGHT SANDERS, *individually*; <br> and DOES 1-10, <br> *Defendants* | § § § § § § § § § § § <br><br> Case No. 1:23-CV-00246-RP |

## ORDER

Before the Court are Defendants JW Sanders PLLC d/b/a Rejuvenate Austin and Jessica Wright Sanders' Motion to Withdraw Deemed Admissions, filed January 29, 2024 (Dkt. 30); the Response in Opposition to Defendants' Motion to Withdraw Deemed Admissions filed February 5, 2024 by Plaintiff Tamara Wareka p/k/a Tamara Williams (Dkt. 32); and Defendants' Reply, filed February 12, 2024 (Dkt. 34). By Text Order entered February 6, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I. Background

Williams sued Defendants for copyright infringement after allegedly discovering two of her photographs on Rejuvenate Austin's Instagram page. On September 7, 2023, Williams served twenty identical requests for admissions on both Defendants plus one additional request on Defendant JW Sanders. Dkt. 29-1 at 73-88. Williams contacted Defendants after they failed to timely respond and agreed to extend the deadline by one week, from October 10 to October 17, 2023. Dkt. 32-2 at 4-8. Defendants did not serve responses until October 23, 2023, "once

1

Defendants' counsel had finished [a] two-week trial and returned to the office." Dkt. 30 at 2. Defendants have not filed their responses and give no indication which of the twenty-one requests they may have denied.

Discovery closed December 1, 2023. Dkt. 21 ¶ 7. On January 15, 2024, the dispositive motion deadline, Williams filed a motion for summary judgment. Dkt. 29. In support of the motion, Williams argued that her requests for admissions should be deemed admitted under Rule 36 because Defendants failed to timely respond. *Id.* at 10. Two weeks after Williams moved for summary judgment, Defendants filed their response to the summary judgment motion and this motion to withdraw their deemed admissions.

## II. Analysis

Rule 36 provides that a party may serve on any other party requests for admission of the truth of any matters within the scope of Rule 26(b). Rule 36(a)(3) provides that the matter is automatically admitted unless the requesting party is served with a response within 30 days of serving the request. Under Rule 36(b), if a party fails to timely respond to a request to admit, the matter is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." The court may allow withdrawal of a deemed admission if withdrawal

> 1) would serve the presentation of the case on its merits, but
> 2) would not prejudice the party that obtained the admissions in its presentation of the case. Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission.

*In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001) (citations omitted).

**A. Presentation of the Merits**

Copyright infringement requires the plaintiff to establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity. *Nola Spice Designs, L.L.C. v. Haydel Enters.*, 783 F.3d 527, 549 (5th Cir. 2015). A license authorizing use of the copyrighted material is an

affirmative defense to an allegation of infringement. *Baisden v. I'm Ready Prods., Inc.*, 693 F.3d 491, 499 (5th Cir. 2012).

Withdrawal of deemed admissions is appropriate when the admissions directly bear on the merits of the case. *Juarez v. Target Corp.*, No. SA-18-CV-00364-XR, 2019 WL 919014, at *4 (W.D. Tex. Feb. 25, 2019). Defendants argue that the first Rule 36(b) factor is satisfied because, if their deemed admissions stand, "any presentation of the merits of this case would certainly be eliminated." Dkt. 30 at 4. Among other things, the requests ask Defendants to admit that they displayed Williams' photographs on their Instagram page without a license. Defendants contend that "it is certainly in dispute whether the photographs used by Defendants were Plaintiff's copyrighted works. It is also certainly in dispute whether Defendants' use of the photographs infringed upon any rights that Plaintiff might have held, if any." *Id.*

The Court finds that Defendants' deemed admissions that they uploaded Williams' photographs to their Instagram page and did not obtain a license to use them "directly concern the merits of the case." *Gutierrez v. Cessna Serv. Direct, Inc.*, No. SA-16-CV-00613-OLG, 2016 WL 11220102, at *2 (W.D. Tex. Oct. 31, 2016). But even where presentation of the merits of a case would be eliminated, the Court also may consider whether Defendants offer evidence that the admission "is contrary to the record of the case." *N. La. Rehab. Ctr., Inc. v. United States*, 179 F. Supp. 2d 658, 663 (W.D. La. 2001) (citation omitted); *accord Branch Banking & Tr. Co. v. Deutz-Allis Corp.,* 120 F.R.D. 655, 659 (E.D.N.C. 1988) (denying withdrawal because movants proffered "no affidavit, verified pleading, or other evidence . . . to suggest the admission, if left standing, would render an unjust result under the law").

Defendants offer no evidence that any of their admissions are contrary to the record. In addition, in their response to Williams' motion for summary judgment, Defendants argue that

3

genuine disputes of material fact exist on their intent and affirmative defenses of fair use and, as to one of the photographs, de minimis use. Defendants' admissions do not address these issues or eliminate their presentation on the merits.

The Court finds that Defendants have not shown that withdrawal of their admissions would promote presentation of the merits of this action. They have not satisfied the first Rule 36(b) factor.

### B. Prejudice to Plaintiff

The second Rule 36(b) factor permits withdrawal if a court "is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Neither the need to convince the factfinder of a previously admitted matter nor reliance on an admission in a motion for summary judgment is sufficient to show prejudice. *N. La. Rehab.*, 179 F. Supp. 2d at 663. Rather, courts "have usually found that the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission." *Am. Auto. Ass'n v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120 (5th Cir. 1991).

Trial of this case is set for May 28, 2024, in just three months. Dkt. 21 ¶ 10. Williams argues that she would be prejudiced by withdrawal of Defendants' admissions because the discovery and dispositive motions deadlines have passed. Defendants reply that "the only prejudice Plaintiff will face is that she will have to prove her case by evidence rather than through deemed admissions, which is the exact type of prejudice not contemplated by Federal Rule of Civil Procedure 36(b)." Dkt. 34 at 1.

Courts have found prejudice under Rule 36(b) where, as here, the discovery deadline has passed and the party opposing withdrawal is left without an opportunity to conduct additional discovery under the scheduling order. *Kingman Holdings, LLC v. Bank of Am., N.A.*, No. 5:15-

CV-056-DAE, 2015 WL 11661768, at *2 (W.D. Tex. Sept. 21, 2015); *see also Onosode v. Equifax Info. Servs., LLC*, No. 4:20-CV-00951-SDJ-CAN, 2022 WL 19380561, at *5 (E.D. Tex. July 21, 2022) ("Defendant relied on the deemed admissions in making discovery decisions, which is sufficient to show prejudice where Plaintiff seeks relief too late for additional discovery."); *cf. Singh v. Wal-Mart Stores, Inc.*, No. 1:17-CV-1120-RP-ML, 2020 WL 13660317, at *6 (W.D. Tex. June 10, 2020) (finding no prejudice when "the absence of a scheduling order in this case leaves an adequate amount of time for parties to pursue discovery before trial").

Because Defendants did not ask to withdraw their deemed admissions until long after the discovery deadline – and all other deadlines – passed and trial is imminent, the Court is persuaded that Williams has shown that withdrawal of Defendants' admissions would prejudice her in maintaining this action on the merits. The second Rule 36(b) factor is not satisfied.

Accordingly, Defendants' motion is denied.

### III.  Order

The Court **ORDERS** that Defendants JW Sanders PLLC d/b/a Rejuvenate Austin and Jessica Wright Sanders' Motion to Withdraw Deemed Admissions (Dkt. 30) is **DENIED**.

It is further **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable Robert Pitman.

**SIGNED** on February 29, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE